US DistIct
Western DistIict of michigan

~~STATE OF MICHIGAN~~
~~IN THE CIRCUIT COURT FOR THE COUNTY OF IONIA~~

**SANDRA BOWLIN,**
**NEXT FRIEND FOR**
**JONATHAN DANIEL ADAMS**
 **Plaintiff,**

**COMPLAINT**

**FILE NO: 18-**

v.

HON.

**PORTLAND CHURCH OF THE NAZARENE,**
**CHILD DEVELOPMENT CENTER**
 **Defendant.**

**FILED - LN**
August 31, 2018 11:17 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY ojw / ___ SCANNED BY /LG 9/4/18

**1:18-cv-942**
Paul L. Maloney,
United States District Judge

**SANDRA BOWLIN**
**Plaintiff In Pro Per**
14053 Brown Rd.
Sunfield, MI 48890

## COMPLAINT

**NOW COMES** Plaintiff, Sandra Bowlin, Next Friend for Jonathan Daniel Adams, and in support of her Complaint states the following:

1. Plaintiff, Sandra Bowlin, is an individual residing in the County of Ionia, along with her minor child, Jonathan Daniel Adams.

2. Defendant, Portland Church of the Nazarene, Child Development Center. Conducting business in the count of Ionia.

3. The acts which give rise to this matter occurred without the venue of this Honorable Court.

4. The amount in controversy exceeds $25,000.00.

### GENERAL ALLEGATIONS

5. Plaintiff hereby incorporates Paragraphs One (1) through Four (4) as fully set forth herein.

6. Plaintiff, Sandra Bowlin, is the mother of Jonathan Daniel Adams and started using the daycare services of Defendant in 2012. He suffers from mild cerebral palsy, global developmental delay, autistic like, and moderate to severe cognitive impairment.

7. Plaintiff's minor child, Jonathan Daniel Adams, was terminated from using Defendant's child care facility on or about August 31, 2015, by Defendant claiming it

was a hardship to care for him due to his disability and he required more individual care.

8. Around July 2015, Defendant's agents informed Plaintiff she would have to remove Jonathan from the center, unless she provided a one on one aide for him.

9. Plaintiff informed Defendant that their agent was not qualified to make a determination as to Jonathan's needs or disability.

10. Plaintiff believes Defendant, by its agents, violated their civil rights relating to a special needs child attending a center open to the public.

11. Plaintiff believes Defendant selectively determined it wanted to terminate Jonathan's care and made up excuses as to why they requested to stop his care.

12. Jonathan benefited from service he was receiving from Defendant's center.

13. Defendant had a legal obligation to not terminate care due to their opinion he was difficult to care for. There had been no previous issues for the past nearly three years, nothing had changed, except the director of the facility.

14. Defendant failed to implement other possible care which would have mitigated their claimed difficulty.

15. Jonathan Daniel Adams is a minor with special needs and his care and needs are protected by civil rights protections.

## COUNT I - NEGLIGENCE

16. Plaintiff hereby incorporates Paragraphs One (1) through Fifteen (15) as fully set forth herein.

17. Defendant had a duty to provide care to Jonathan Daniel Adams.

18. Defendant breached their duty to provide care for Jonathan Daniel Adams.

19. Defendant's action or lack of action is the proximate cause of Plaintiff's damage.

20. Plaintiff has suffered damages as a direct result of action or lack of action of Defendant.

## COUNT II – CIVIL RIGHTS

21. Plaintiff hereby incorporates Paragraphs One (1) through Twenty (20) as fully set forth herein.

22. Plaintiff is a qualified individual with disabilities for purposes of the ADA. 42 USC 12131(2).

23. Defendants are public entities for purposes of the ADA. 42 USC 12131(1).

24. Defendant is a public accommodation service operated by a private entity for purposes of the ADA. 42 USC 12181.

25. Defendants, acting in concert, have denied Plaintiff the benefits of Defendants' services, programs, and activities, solely by reason of Plaintiff's disabilities, in violation of 42 USC 12132, 12182 and, have violated the ADA by refusing to make reasonable accommodation for Plaintiff's disability.

26. Defendants have caused, and continue to cause, Plaintiff to suffer irreparable harm for which he has no adequate remedy at law, including, without limitation, the deprivation of his rights as an individual with disabilities.

27. Defendant is either a "public entity" for the purposes of the ADA, 42 USC 12131, or, alternatively, "public accommodations and services operated by a private entity" for the purposes of the ADA, 42 USC 12181.

**WHEREFORE,** Plaintiff respectfully requests Judgment be entered against Defendant in an amount exceeding $25,000.00 plus costs, interest, and actual attorney fees.

**I DECLARE THE ABOVE STATEMENTS TO BE TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.**

Dated: 8-31-18

Sandra Bowlin, Plaintiff and
Next Friend for Jonathan D. Adams