UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDRA BOWLIN,

        Plaintiff,

v.                              Case No. 1:18-cv-942
                              Hon. Paul L. Maloney

PORTLAND CHURCH OF THE
NAZARENE CHILD DEVELOPMENT
CENTER,
        Defendant.

_____/

## REPORT AND RECOMMENDATION

        *Pro se* plaintiff filed this action as next friend of her minor child, J.D.A., pursuant to the Americans With Disabilities Act, 42 U.S.C. § 12131, *et seq.* ("ADA"), claiming that defendant violated the minor child's rights under the ADA and was negligent under state law.  *See* Compl. (ECF No. 1).  Defendant has filed motions to change the caption (ECF No. 6), for sanctions pursuant to Fed. R. Civ. P. 11(c)(2) (ECF No. 7), to strike pursuant to Fed. R. Civ. P. 12(f) (ECF No. 9), and to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6) (arguing only 12(b)(6)) (ECF No. 12). However, these motions are premature.  For the reasons discussed below, the Court should *sua sponte* dismiss the complaint without prejudice for lack of subject matter jurisdiction.

### I.      Discussion

        The claims of the minor child are not properly before the court.  "While a litigant has the right to act as his or her own counsel, *see* 28 U.S.C. § 1654, a non-attorney parent is not permitted to represent the interests of his or her minor child."  *Lawson v. Edwardsburg Public School*, 751 F. Supp. 1257, 1258 (W.D. Mich.1990).  "[P]arents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative."  *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002).  *See Cheung*

*v. Youth Orchestra Foundation of Buffalo, Inc.*, 906 F.2d 59, 61 (2nd Cir. 1990) ("it is not in the interests of minors or incompetents that they be represented by non-attorneys"). Ms. Bowlin cannot act as the child's attorney in litigating this matter. For that, she needs to retain an attorney. *See Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir.1986) ("under Fed.R.Civ.P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney").

A lawsuit filed by a person contrary to § 1654 is frivolous and does not engage federal jurisdiction. *Georgakis v. Illinois State University*, 722 F.3d 1075, 1077 (7th Cir. 2013). *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion"). This dismissal should be without prejudice. *See Georgakis*, 722 F.3d at 1078 ("Dismissals for lack of proper representation . . . are also normally without prejudice, to give the plaintiff a chance to find a lawyer to handle the case.").

## II.    Recommendation

For these reasons, I respectfully recommend that this action be dismissed without prejudice.

Dated:  December 12, 2018              /s/ Ray Kent
                                                    RAY KENT
                                                    United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).